IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Angel Sablon, #68609-004, | ) | C/A No. 0:13-cv-00710-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Kenny Atkinson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Angel Sablon ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. A federal prisoner at FCI-Edgefield, Petitioner was sentenced to a term of 262 months on March 1, 2002, in the Southern District of Florida, after pleading guilty to violating 21 U.S.C. § 846 (conspiracy to possess with intent to distribute 80 grams or more of cocaine base). Petitioner challenges the legality of his sentence because "the probation agency failed to issue Petitioner's criminal history points correctly in violation of Federal Rules of Criminal Procedure 32(I)(3)(C)," relying on Henderson v. United States, 133 S. Ct. 1121 (2013). (ECF No. 1 at 8.)

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for

him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner specifically challenges lines 45 and 46 of his pre-sentencing investigatory report ("PSI"). (*See* ECF No. 1-1 at 2.) Petitioner explains that the sentencing guidelines for an offense under 21 U.S.C. § 846 is found in § 2D1.1 of the Sentencing Guidelines manual. In his criminal case, Petitioner was held accountable for 1.582 kilograms of powder cocaine and 156.776 grams of "crack" cocaine. Pursuant to § 2D1.1 Application Note 10, each drug must be converted to its marijuana equivalent and the equivalents added together to obtain the combined offense level by reference to the Drug Equivalency Table of the Sentencing Guidelines manual. According to this table, one gram of cocaine is equivalent to 200 grams of marijuana, and one gram of crack cocaine is equivalent to 20 kilograms of marijuana. In Petitioner's case, 1,582 grams of cocaine converted to 316.4 kilograms of marijuana, and the 156.776 grams of crack cocaine converted to 3,135.52 kilograms of marijuana. Thus, the Government held Petitioner accountable for 3,451.52 kilograms of marijuana.

Pursuant to § 2D1.1(a)(3) and (c)(3), offenses involving at least 3,000 kilograms but less than 10,000 kilograms of marijuana implicated a base offense level of 34. Further, under § 4B1.1, Petitioner was determined to be a "career offender," with at least one prior felony conviction for a crime of violence and another felony controlled substance offense. Pursuant to § 4B1.1(A), Petitioner's offense level as a career offender was 37 because his underlying offense carried a statutory maximum of life imprisonment, but because his adjusted offense level was greater than the career criminal offense level, the adjusted offense level applied. Petitioner's

criminal history category as a career offender was a Category VI, and his final adjusted offense level was 38.

Petitioner avers that a past controlled substance offense was counted for two points at both line 45 and line 46 of his PSI. Petitioner argues that these two offenses, separated by only one month and seventeen days, and which sentences ran concurrently, should have been grouped as a single offense under § 1B1.3. (ECF No. 1-1 at 5-6.) Correcting this error would bring Petitioner's offense level to Category VI, Level 36, 324-405 months. Petitioner has filed no previous challenge to either his conviction or his sentence. (*See* ECF No. 1 at 3-4.)

## DISCUSSION

The Petition presents the threshold question of whether Petitioner properly raises his claims in this court pursuant to 28 U.S.C. § 2241. Seeking judicial review under § 2241 in the district of confinement is reserved for attacks against "the computation and execution of the sentence rather than the sentence itself." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). A motion under 28 U.S.C. § 2255 is utilized to attack a sentence as it was imposed, rather than as the sentence is being executed. United States v. Snow, 748 F.2d 928, 934 (4th Cir. 1984) (quoting Freeman v. United States, 254 F.2d 352, 353-54 (D.C. Cir. 1958)). As Petitioner is attacking the validity of his 262-month sentence, his claim would usually be brought under § 2255 in the sentencing court. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008).

Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's detention when a § 2255 petition is "inadequate or ineffective" to test the legality of his detention. Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010). But the Fourth Circuit Court of Appeals has held,

> It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule



would effectively nullify the gatekeeping provisions. Nevertheless, there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless.

In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). In the Fourth Circuit, the savings clause may be invoked when:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34. Thus, the savings clause is not available to a petitioner merely because his prior § 2255 motion was unsuccessful, see id. at 333, or because he is unable to meet the requirements to file a successive § 2255 motion, see San-Miguel v. Dove, 291 F.3d 257, 261 n.2 (4th Cir. 2002).

Petitioner argues that he can challenge lines 45 and 46 of his PSI because it contains a "plain error," citing Henderson v. United States, 133 S. Ct. 1121 (2013). Henderson held, in pertinent part, that regardless of whether a legal question was settled or unsettled at the time of trial, an error is "plain" within the meaning of Rule 52(b), Federal Rules of Civil Procedure, so long as the error was plain at the time of appellate review.

Petitioner does not attempt to establish the Jones criteria. Instead, he appears to allege that the "savings clause" should be invoked because he is "actually innocent" of his sentence as calculated. However, the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence. Poole, 531 F.3d at 267 n.7. Accordingly, Petitioner's action, seeking a determination that his sentence is illegal, fails to state a cognizable § 2241 claim. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to

eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

As Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence, thereby allowing him to file a § 2241 petition, this matter should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the Petition in the above-captioned case be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 17, 2013
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina  29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).