IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Angel Sablon, #68609-004, | ) | Civil Action No.: 0:13-cv-00710-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Kenny Atkinson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Angel Sablon, a federal prisoner proceeding *pro se*, filed this petition under 28 U.S.C. § 2241, challenging his sentence. The matter is now before the Court for review of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] The Magistrate Judge recommends that this Court dismiss Petitioner's petition *without prejudice* because his claims are not cognizable in a § 2241 petition.

#### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed a § 2241 petition in March 2013, asking this Court to review his sentence. Pet., ECF No. 1. He alleges that his sentencing guidelines range was improperly calculated.[2] The Magistrate Judge issued an R&R on April 18, 2013, recommending that the petition be dismissed. R&R, ECF No. 22. Petitioner filed timely objections to the R&R. Pet'r's Objs., ECF No. 11.

#### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] As the relevant facts were well-represented in the Magistrate Judge's R&R, they need not be repeated in this order.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's petition *without prejudice* because his challenge of his sentence is not cognizable in a § 2241 petition. Specifically, the Magistrate Judge concludes that Petitioner's claim that his sentencing guidelines range was improperly calculated is a claim that must be raised in a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner's objections are not entirely clear; however, it appears Petitioner contends that he is not attacking his conviction. Rather, Petitioner argues that he is attacking the *execution* of his sentence. Such a claim, he maintains, must be brought by way of a § 2241 petition.

Petitioner's objections, however, are meritless. His characterization that his petition as a mere attack on the execution of his sentence ignores his allegations that he is objecting to his

sentence as it was imposed by a federal district judge. Indeed, even in his petition, Petitioner notes this issue is "not a[n] issue for [the Federal Bureau of Prisons ("BOP")] to resolve." Pet. 6. Therefore, despite Petitioner's characterization, he is not actually challenging the execution or computation of his sentence by the BOP. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Instead, he challenges his sentence as recommended by the United States Probation Office and imposed by the United States District Court for the Southern District of Florida. As the Magistrate Judge notes in her R&R, "[a] motion under 28 U.S.C. § 2255 is utilized to attack a sentence *as it was imposed*." R&R 4 (emphasis added). And, Petitioner makes no showing that a § 2255 is an "inadequate or ineffective" remedy, entitling him to take advantage of the statute's savings clause. 28 U.S.C. § 2255(e). Accordingly, the Magistrate Judge's recommendation is proper, and Petitioner's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed Petitioner's § 2241 petition, the Magistrate Judge's R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's petition is **DISMISSED** *without prejudice* and without requiring Respondent to respond.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
August 22, 2013